**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION**

**GRAY CONSTRUCTION, INC.,**

 **Plaintiff,**

v.

**TYSON FOODS, INC.,
TYSON FARMS, INC., and
INDUSTRIAL DEVELOPMENT BOARD
OF GIBSON COUNTY TENNESSEE,**

 **Defendants.**

No. __1:21-cv-1213__

**COMPLAINT FOR DAMAGES AND TO ENFORCE MECHANICS' LIEN**

Plaintiff, Gray Construction, Inc. ("Gray"), for its Complaint against Defendants Tyson Foods, Inc. ("Tyson Foods"), Tyson Farms, Inc., ("Tyson Farms") (Tyson Foods and Tyson Farms are collectively "Tyson"), and Industrial Development Board of Gibson County Tennessee (the "Board") states as follows:

### I. INTRODUCTION

1. The action arises out of a construction project at the Tyson Poultry Processing Plant in Humboldt, Tennessee. Gray served as the primary contractor providing labor, materials, and equipment on the project for Tyson. Although the project is complete, Tyson still has not paid Gray in full for its work on the project.

### II. PARTIES AND JURISDICTION

2. Gray is a Kentucky corporation duly authorized to conduct business in the State of Tennessee with its principal place of business located at 10 Quality Street, Lexington, Kentucky 40507.

3. Tyson Foods is a Delaware corporation with a principal place of business at 2200 W Don Tyson Parkway, Springdale, Arkansas 72762. Process may be served on Tyson Foods' registered agent for process, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

4. Tyson Farms is a North Carolina corporation with its principal place of business at 2200 W Don Tyson Parkway, Springdale, Arkansas 72762. Process may be served on Tyson Farms' registered agent for process, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

5. The Board is an industrial development public corporation organized under Tennessee Code Annotated § 7-53-101 *et seq.* It is a citizen of Tennessee. The Board can be served at 109 W. Court Square, Trenton, Tennessee 38382.

6. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, because Gray and Tyson are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7. Venue is proper in this District because the acts and omissions giving rise to this cause of action occurred in Humboldt, Tennessee and relate to a construction project within this division.

### III.    FACTS APPLICABLE TO ALL COUNTS

8. Gray is a family-owned construction company that performs construction services.

9. On or about October 5, 2018, "Tyson Foods, Inc. and its Subsidiaries" contracted with Gray to provide labor, materials, and equipment for the design and construction of a poultry processing plant (the "Project") located at 16 McKnight Rd., Humboldt, Tennessee 38343 (the "Property").  A copy of the contract is attached as Exhibit A (the "Contract").

10. Upon information and belief, Tyson Farms is a subsidiary of Tyson Foods.

11. The Board owns the Property as part of a tax-incentive plan and leases the Property to Tyson Farms.

12. Gray served as a prime contractor on the Project.

13. Tyson separately contracted with another prime contractor on the Project, Crossland Construction Co., Inc. ("Crossland"), for work on the site of the project, including the building pad.

14. In order for Gray to start its work on the Project, Crossland had to complete some or all of its work, and Tyson agreed to give Gray the site with a usable building pad by a certain date.

15. Tyson failed to do so causing loss and damage to Gray.

16. Without the building pad complete, Gray could not begin its work.

17. Gray entered into a subcontract with Nations Roof, LLC ("Nations") for the roofing scope of work on the Project.

18. Tyson also contracted directly with Nations for other roofing work on the site.

19. Tyson directed Nations to perform the work it had contracted directly with Nations first and delay the work Nations was required to perform under its subcontract with Gray.

20. This caused Gray to incur additional costs and damages.

21. Crossland failed to timely and properly deliver the building pad to Gray as promised by Tyson. Gray was not able to begin its work on the Project until July 8, 2019, months after it planned to start its work.

22. Gray notified Tyson that Crossland's untimely and improper performance would adversely impact Gray's costs and schedule.

23. Gray specifically informed Tyson that Gray's work would be forced to occur during winter conditions due to Crossland's untimely and improper performances thereby creating costs and damages to Gray. A copy of this correspondence is attached as <u>Exhibit B</u>.

24. Crossland delivered the building pad eight months later than required without the requisite amount of stone specified, proper drainage, or sufficient compaction.

25. As a result, Gray was forced to perform additional earthwork, resulting in costly and time-consuming maintenance, as well as work during unanticipated winter conditions.

26. Gray also incurred additional costs and damages when Tyson directed Nations to prioritize the scope of work that Tyson contracted directly with Nations for rather than the roofing scope of work under Gray's Subcontract with Nations.

27. As a result of Crossland's untimely and improper work, Tyson's request for additional work, and Tyson's direction of the roofing subcontractor, Gray submitted change orders related to additional costs and damages caused by Tyson's acts or omissions. These change orders are referred to as Project Change Documents ("PCDs").

28. Although Tyson has approved and paid some of the PCDs, Tyson has not made payment for certain others, despite proper demand for payment by Gray.

29. Gray has submitted five PCDs totaling $3,114,521.42 that Tyson has failed and/or refused to pay. The following PCDs are unpaid:

    a. PCD #119: This PCD is to reimburse Gray for over three months of extended general-conditions costs incurred by Gray as a direct result of Tyson's other contractor's failed efforts to timely deliver the building pad. Gray incurred these costs to maintain Tyson's standard operating procedure and mitigate weather impacts that were suffered as a result of the condition of the building pad. The cost of this change is $564,564.50.

    b. PCD #121: This PCD is a direct result of poor performance in Tysons's management of Crossland's preparation of the building pad. Tyson's directed schedule resulted in unforeseen winter conditions and

    unanticipated site costs. Crossland failed to properly prepare the site in accordance with the specifications for the Project. The cost of this change is $1,751,718.92.

  c. PCD #122: Tyson's contractor failed to timely and fully provide the subgrade for paving. As a result, Gray encountered unsuitable soils when weather finally permitted paving. Gray was forced to incur additional costs to rehabilitate the site. The cost of this change is $101,228.00.

  d. PCD #124: This PCD relates to costs related to COVID-19. Gray notified Tyson of the potential change on March 19, 2020 due to the global pandemic. These costs are related to efforts to mitigate COVID outbreaks at Tyson's facility, ensure proper protective equipment, and necessary materials for compliance on the Project. The cost of this change is $284,615.00.

  e. PCD #140/143: These PCDs are for costs associated with extended general conditions related to roofing issues as a result of Tyson's project direction. Gray's roofing work was impacted solely because of Tyson's separate contractor's untimely and poor performance. Tyson directed Gray's roofing contractor to perform its scope of work rather than Gray's scope of work. The costs of these changes are $236,776.00 for PCD #140 and $175,619.00 for PCD #143.

Copies of the unpaid PCDs are attached as collective <u>Exhibit C</u>.

  30. Additionally, Tyson has not paid Gray for the full amount of its base scope of work on the Project, despite previously approving payment in the amount of $10,268.41, and despite the express terms of the Contract.

  31. Tyson has withheld retainage on the Project which is due and payable to Gray in the amount of approximately $329,656.00.

  32. The Project was substantially completed on January 1, 2021.

## IV. CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT (TYSON)

  33. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

34. Tyson materially breached the Contract by engaging in, among other things, the following actions and/or omissions:

    a. Failing to pay Gray in full for the base scope of work;

    b. Failing to approve the PCDs and pay Gray for the PCDs;

    c. Failing to disburse the retainage; and

    d. Failing and refusing to perform its obligations set forth under the Contract.

35. The acts and omissions of Tyson constitute actual and active interference by Tyson and the acts and omissions were within Tyson's control. Further, the delays encountered by Gray were (1) a kind not contemplated by the parties; and/or (2) were caused by the bad faith of Tyson.

36. Tyson is in breach of the Contract, and Gray is entitled to monetary damages and attorneys' fees, among other relief.

### COUNT II – VIOLATION OF THE TENNESSEE PROMPT PAY ACT (TYSON)

37. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

38. Tyson retained funds under the terms of the Contract.

39. Despite the Project being substantially completed on January 1, 2021, Tyson has failed and refused to disburse the retainage.

40. The current retainage owed is approximately $329,656.00.

41. Tyson's actions constitute a violation of Tennessee Prompt Pay Act, including Tennessee Code Annotated § 66-34-103.

42. Despite demand from Gray under the Tennessee Prompt Pay Act, Tyson has failed to remit the retainage. A copy of the correspondence from Gray demanding retainage pursuant to the Tennessee Prompt Pay Act is attached as Exhibit D.

43. To date, Tyson has still not issued the retained funds to Gray.

44. As a result of Tyson's violations of the Tennessee Prompt Pay Act, Gray has and will continue to incur significant damages.

45. As a result of Tyson's violations of the Tennessee Prompt Pay Act, Gray is entitled to interest on the retainage in the amount of 1.5% per month. *See* Tenn. Code Ann. § 66-34-601.

46. Because Tyson has no valid reason to withhold disbursement of the retainage, Tyson acted in bad faith. As a result, Gray is entitled to reasonable attorney's fees. *See* Tenn. Code Ann. § 66-34-602(d).

### COUNT III – ENFORCEMENT OF MECHANICS' LIEN (BOARD & TYSON)

47. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

48. Gray asserts a lien on the fee simple interest of the Board on Property, as well as any leasehold interest owned by Tyson, to secure payment of the amounts justly due it for furnishing services and materials to the Project and which were used for and in construction of the improvements thereon.

49. As the prime contractor on the Project, Gray's mechanics' lien attached on the day of visible commencement of operations on or about July 8, 2019. *See* Tenn. Code Ann. § 66-11-104(a).

50. Gray filed a Notice of Lien on December 29, 2021. A copy of the Notice of Lien is attached as Exhibit E.

51. Gray's perfected lien on the Property, including the buildings, structures, fixtures, and improvements, exists to secure the indebtedness of Tyson to Gray in the sum of $3,454,445.83, which is the amount of the unpaid services, labor, and/or materials furnished to the Project.

52. Gray is entitled to enforcement of the lien and, therefore, seeks the issuance of a Writ of Attachment on the Property and any leasehold interest.

## COUNT IV – UNJUST ENRICHMENT

53. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

54. To the extent Gray performed additional work on the Project outside the base scope of work under the Contract, such work was necessary and properly authorized.

55. In furtherance of such work, Gray incurred substantial costs, including equipment costs, material costs, and labor.

56. Tyson was notified of and appreciated the benefit of the additional work and was aware of the expenses Gray incurred. As a result, Gray had a reasonable expectation that it would be paid for its work.

57. Tyson accepted the final work, and Tyson ultimately benefitted from Gray's additional work on the Project.

58. Tyson never paid Gray in full for its additional, necessary work on the Project.

59. Tyson was unjustly enriched by Gray's work, and it would inequitable for Tyson to retain the benefit of the work without paying for the same.

60. Accordingly, Tyson is liable to Gray for the value of such benefit under the theory of unjust enrichment.

**WHEREFORE, PREMISES CONSIDERED,** Gray prays for the following relief:

1. That the Court enter a judgment in favor of Gray and against Tyson for damages in an amount to be proven at trial, but not less than $3,454,445.83;

2. That Gray be awarded the withheld retainage with interest at a rate of 1.5% per month;

3. That the Court enforce Gray's lien by issuing a Writ of Attachment to be levied upon the Property and ordering the Property and improvements thereon be sold on such terms as the Court deems equitable and in bar of all equity of redemption and that the proceeds of the sale be applied to the satisfaction of this judgment;

4. That Gray is awarded its reasonable attorneys' fees, consulting fees, and other litigation expenses;

5. That Gray is awarded pre- and post-judgment interest as permitted by law; and

6. That Gray is awarded such other further relief as this Court deems proper.

**This is the first application for a Writ of Attachment in this case.**

**Respectfully submitted**, this 29th day of December 2021.

                              BUTLER SNOW LLP

                              /s/ *Kathryn K. Van Namen*
Michael I. Less (TN BPR #008170)
Kathryn K. Van Namen (TN BPR #031322)
Andrew B. Schrack (TN BPR #037624)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: 901-680-7200
Facsimile: 901-680-7201
michael.less@butlersnow.com
kate.vannamen@butlersnow.com
andrew.schrack@butlersnow.com

*Attorneys for Plaintiff Gray Construction, Inc.*

62618934.v1