IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| GRAY CONSTRUCTION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-1213 |
| | ) |
| TYSON FOODS, INC., | ) |
| TYSON FARMS, INC., AND | ) |
| INDUSTRIAL DEVELOPMENT BOARD | ) |
| OF GIBSON COUNTY TENNESSEE | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT INDUSTRIAL DEVELOPMENT BOARD OF GIBSON COUNTY TENNESSEE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES AND TO ENFORCE MECHANICS' LIEN**

Defendant Industrial Development Board of Gibson County Tennessee ("IDB"), by and through counsel, states the following for its Answer and Affirmative Defenses to Plaintiff Gray Construction, Inc.'s ("Gray" or "Plaintiff") Complaint for Damages and to Enforce Mechanics' Lien ("Complaint"):

## I. INTRODUCTION

1. The action arises out of a construction project at the Tyson Poultry Processing Plant in Humboldt, Tennessee. Gray served as the primary contractor providing labor, materials, and equipment on the project for Tyson. Although the project is complete, Tyson still has not paid Gray in full for its work on the project.

**ANSWER:** With regard to the allegations in the Introduction section of the Complaint, IDB lacks knowledge sufficient to admit those allegations, and therefore, denies same.

## II. PARTIES AND JURISDICTION

2. Gray is a Kentucky corporation duly authorized to conduct business in the State of Tennessee with its principal place of business located at 10 Quality Street, Lexington, Kentucky 40507.

**ANSWER:** IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore, denies same.

3. Tyson Foods is a Delaware corporation with a principal place of business at 2200 W Don Tyson Parkway, Springdale, Arkansas 72762. Process may be served on Tyson Foods' registered agent for process, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

**ANSWER:** IDB admits the allegations contained in Paragraph 3 of the Complaint.

4. Tyson Farms is a North Carolina corporation with its principal place of business at 2200 W Don Tyson Parkway, Springdale, Arkansas 72762. Process may be served on Tyson Farms' registered agent for process, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

**ANSWER:** IDB admits the allegations contained in Paragraph 4 of the Complaint.

5. The Board is an industrial development public corporation organized under Tennessee Code Annotated § 7-53-101 et seq. It is a citizen of Tennessee. The Board can be served at 109 W. Court Square, Trenton, Tennessee 38382.

**ANSWER:** IDB admits the allegations contained in Paragraph 5 of the Complaint.

6. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, because Gray and Tyson are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

**ANSWER:** IDB states that the allegations contained in Paragraph 6 of the Complaint call for a legal conclusion. To the extent that a response is required, IDB admits that jurisdiction is proper in this Court.

7. Venue is proper in this District because the acts and omissions giving rise to this cause of action occurred in Humboldt, Tennessee and relate to a construction project within this division.

**ANSWER:** IDB states that the allegations contained in Paragraph 7 of the Complaint call for a legal conclusion. To the extent that a response is required, IDB admits that venue is proper in this Court.

### III. FACTS APPLICABLE TO ALL COUNTS

8. Gray is a family-owned construction company that performs construction services.

**ANSWER:** With respect to Paragraph 8 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 8 and therefore, denies same.

9. On or about October 5, 2018, "Tyson Foods, Inc. and its Subsidiaries" contracted with Gray to provide labor, materials, and equipment for the design and construction of a poultry processing plant (the "Project") located at 16 McKnight Rd., Humboldt, Tennessee 38343 (the "Property"). A copy of the contract is attached as Exhibit A (the "Contract").

**ANSWER:** With respect to Paragraph 9 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 9 and therefore, denies same.

10. Upon information and belief, Tyson Farms is a subsidiary of Tyson Foods.

**ANSWER:** With respect to Paragraph 10 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 10 and therefore, denies same.

11. The Board owns the Property as part of a tax-incentive plan and leases the Property to Tyson Farms.

**ANSWER:** IDB admits that Tyson Farms is the beneficial owner of the real property referenced in Paragraph 11 of the Complaint, and that the IDB holds nominal title for purposes of granting certain tax incentives to Tyson Farms.

12. Gray served as a prime contractor on the Project.

**ANSWER:** With respect to Paragraph 12 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 12 and therefore, denies same.

13. Tyson separately contracted with another prime contractor on the Project, Crossland Construction Co., Inc. ("Crossland"), for work on the site of the project, including the building pad.

**ANSWER:** With respect to Paragraph 13 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 13 and therefore, denies same.

14. In order for Gray to start its work on the Project, Crossland had to complete some or all of its work, and Tyson agreed to give Gray the site with a usable building pad by a certain date.

**ANSWER:** With respect to Paragraph 14 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 14 and therefore, denies same.

15. Tyson failed to do so causing loss and damage to Gray.

**ANSWER:** With respect to Paragraph 15 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 15 and therefore, denies same.

16. Without the building pad complete, Gray could not begin its work.

**ANSWER:** With respect to Paragraph 16 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 16 and therefore, denies same.

17. Gray entered into a subcontract with Nations Roof, LLC ("Nations") for the roofing scope of work on the Project.

**ANSWER:** With respect to Paragraph 17 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 17 and therefore, denies same.

18. Tyson also contracted directly with Nations for other roofing work on the site.

**ANSWER:** With respect to Paragraph 18 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 18 and therefore, denies same.

19. Tyson directed Nations to perform the work it had contracted directly with Nations first and delay the work Nations was required to perform under its subcontract with Gray.

**ANSWER:** With respect to Paragraph 19 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 19 and therefore, denies same.

20. This caused Gray to incur additional costs and damages.

**ANSWER:** With respect to Paragraph 20 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 20 and therefore, denies same.

21. Crossland failed to timely and properly deliver the building pad to Gray as promised by Tyson. Gray was not able to begin its work on the Project until July 8, 2019, months after it planned to start its work.

**ANSWER:** With respect to Paragraph 21 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 21 and therefore, denies same.

22. Gray notified Tyson that Crossland's untimely and improper performance would adversely impact Gray's costs and schedule.

**ANSWER:** With respect to Paragraph 22 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 22 and therefore, denies same.

23. Gray specifically informed Tyson that Gray's work would be forced to occur during winter conditions due to Crossland's untimely and improper performances thereby creating costs and damages to Gray. A copy of this correspondence is attached as Exhibit B.

**ANSWER:** With respect to Paragraph 23 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 23 and therefore, denies same.

24. Crossland delivered the building pad eight months later than required without the requisite amount of stone specified, proper drainage, or sufficient compaction.

**ANSWER:** With respect to Paragraph 24 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 24 and therefore, denies same.

25. As a result, Gray was forced to perform additional earthwork, resulting in costly and time-consuming maintenance, as well as work during unanticipated winter conditions.

**ANSWER:** With respect to Paragraph 25 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 25 and therefore, denies same.

26. Gray also incurred additional costs and damages when Tyson directed Nations to prioritize the scope of work that Tyson contracted directly with Nations for rather than the roofing scope of work under Gray's Subcontract with Nations.

**ANSWER:** With respect to Paragraph 26 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 26 and therefore, denies same.

27. As a result of Crossland's untimely and improper work, Tyson's request for additional work, and Tyson's direction of the roofing subcontractor, Gray submitted change orders

related to additional costs and damages caused by Tyson's acts or omissions. These change orders are referred to as Project Change Documents ("PCDs").

**ANSWER:** With respect to Paragraph 27 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 27 and therefore, denies same.

28. Although Tyson has approved and paid some of the PCDs, Tyson has not made payment for certain others, despite proper demand for payment by Gray.

**ANSWER:** With respect to Paragraph 28 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 28 and therefore, denies same.

29. Gray has submitted five PCDs totaling $3,114,521.42 that Tyson has failed and/or refused to pay. The following PCDs are unpaid:

a. PCD #119: This PCD is to reimburse Gray for over three months of extended general-conditions costs incurred by Gray as a direct result of Tyson's other contractor's failed efforts to timely deliver the building pad. Gray incurred these costs to maintain Tyson's standard operating procedure and mitigate weather impacts that were suffered as a result of the condition of the building pad. The cost of this change is $564,564.50.

b. PCD #121: This PCD is a direct result of poor performance in Tysons's management of Crossland's preparation of the building pad. Tyson's directed schedule resulted in unforeseen winter conditions and unanticipated site costs. Crossland failed to properly prepare the site in accordance with the specifications for the Project. The cost of this change is $1,751,718.92.

c. PCD #122: Tyson's contractor failed to timely and fully provide the subgrade for paving. As a result, Gray encountered unsuitable soils when weather finally permitted paving. Gray was forced to incur additional costs to rehabilitate the site. The cost of this change is $101,228.00.

d. PCD #124: This PCD relates to costs related to COVID-19. Gray notified Tyson of the potential change on March 19, 2020 due to the global pandemic. These costs are related to efforts to mitigate COVID outbreaks at Tyson's facility, ensure proper protective equipment, and necessary materials for compliance on the Project. The cost of this change is $284,615.00.

7

      e.      PCD #140/143: These PCDs are for costs associated with extended general conditions related to roofing issues as a result of Tyson's project direction. Gray's roofing work was impacted solely because of Tyson's separate contractor's untimely and poor performance. Tyson directed Gray's roofing contractor to perform its scope of work rather than Gray's scope of work. The costs of these changes are $236,776.00 for PCD #140 and $175,619.00 for PCD #143.

Copies of the unpaid PCDs are attached as collective <u>Exhibit C</u>.

**ANSWER:** With respect to Paragraph 29 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 29 and therefore, denies same.

30. Additionally, Tyson has not paid Gray for the full amount of its base scope of work on the Project, despite previously approving payment in the amount of $10,268.41, and despite the express terms of the Contract.

**ANSWER:** With respect to Paragraph 30 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 30 and therefore, denies same.

31. Tyson has withheld retainage on the Project which is due and payable to Gray in the amount of approximately $329,656.00.

**ANSWER:** With respect to Paragraph 31 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 31 and therefore, denies same.

32. The Project was substantially completed on January 1, 2021.

**ANSWER:** With respect to Paragraph 32 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 32 and therefore, denies same.

### IV.    CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT (TYSON)

33. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

**ANSWER:** IDB incorporates by reference its responses to the allegations in the Complaint as if they were set forth verbatim herein.

34. Tyson materially breached the Contract by engaging in, among other things, the following actions and/or omissions:

    a. Failing to pay Gray in full for the base scope of work;

    b. Failing to approve the PCDs and pay Gray for the PCDs;

    c. Failing to disburse the retainage; and

    d. Failing and refusing to perform its obligations set forth under the Contract.

**ANSWER:** With respect to Paragraph 34 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 34 and therefore, denies same.

35. The acts and omissions of Tyson constitute actual and active interference by Tyson and the acts and omissions were within Tyson's control. Further, the delays encountered by Gray were (1) a kind not contemplated by the parties; and/or (2) were caused by the bad faith of Tyson.

**ANSWER:** With respect to Paragraph 35 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 35 and therefore, denies same.

36. Tyson is in breach of the Contract, and Gray is entitled to monetary damages and attorneys' fees, among other relief.

**ANSWER:** With respect to Paragraph 36 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 36 and therefore, denies same.

**COUNT II – VIOLATION OF THE TENNESSEE PROMPT PAY ACT (TYSON)**

37. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

**ANSWER:** IDB incorporates by reference its responses to the allegations in the Complaint as if they were set forth verbatim herein.

38. Tyson retained funds under the terms of the Contract.

**ANSWER:** With respect to Paragraph 38 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 38 and therefore, denies same.

39. Despite the Project being substantially completed on January 1, 2021, Tyson has failed and refused to disburse the retainage.

**ANSWER:** With respect to Paragraph 39 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 39 and therefore, denies same.

40. The current retainage owed is approximately $329,656.00.

**ANSWER:** With respect to Paragraph 40 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 40 and therefore, denies same.

41. Tyson's actions constitute a violation of Tennessee Prompt Pay Act, including Tennessee Code Annotated § 66-34-103.

**ANSWER:** IDB states that the allegation contained in Paragraph 41 of the Complaint calls for a legal conclusion. To the extent that a response is required, IDB denies the allegations contained in Paragraph 41 of the Complaint.

42. Despite demand from Gray under the Tennessee Prompt Pay Act, Tyson has failed to remit the retainage. A copy of the correspondence from Gray demanding retainage pursuant to the Tennessee Prompt Pay Act is attached as Exhibit D.

**ANSWER:** With respect to Paragraph 42 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 42 and therefore, denies same.

43. To date, Tyson has still not issued the retained funds to Gray.

**ANSWER:** With respect to Paragraph 43 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 43 and therefore, denies same.

44. As a result of Tyson's violations of the Tennessee Prompt Pay Act, Gray has and will continue to incur significant damages.

**ANSWER:** With respect to Paragraph 44 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 44 and therefore, denies same.

45. As a result of Tyson's violations of the Tennessee Prompt Pay Act, Gray is entitled to interest on the retainage in the amount of 1.5% per month. See Tenn. Code Ann. § 66-34-601.

**ANSWER:** IDB states that the allegation contained in Paragraph 45 of the Complaint calls for a legal conclusion. To the extent that a response is required, IDB denies the allegations contained in Paragraph 45 of the Complaint.

46. Because Tyson has no valid reason to withhold disbursement of the retainage, Tyson acted in bad faith. As a result, Gray is entitled to reasonable attorney's fees. See Tenn. Code Ann. § 66-34-602(d).

**ANSWER:** IDB states that the allegation contained in Paragraph 46 of the Complaint calls for a legal conclusion. To the extent that a response is required, IDB denies the allegations contained in Paragraph 46 of the Complaint.

**COUNT III – ENFORCEMENT OF MECHANICS' LIEN (BOARD & TYSON)**

47. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

**ANSWER:** IDB incorporates by reference its responses to the allegations in the Complaint as if they were set forth verbatim herein.

48. Gray asserts a lien on the fee simple interest of the Board on Property, as well as any leasehold interest owned by Tyson, to secure payment of the amounts justly due it for furnishing services and materials to the Project and which were used for and in construction of the improvements thereon.

**ANSWER:** IDB denies the allegations contained in Paragraph 48.

49. As the prime contractor on the Project, Gray's mechanics' lien attached on the day of visible commencement of operations on or about July 8, 2019. See Tenn. Code Ann. § 66-11-104(a).

**ANSWER:** IDB denies the allegations contained in Paragraph 49.

50. Gray filed a Notice of Lien on December 29, 2021. A copy of the Notice of Lien is attached as Exhibit E.

**ANSWER:** IDB admits the allegation contained in Paragraph 50.

51. Gray's perfected lien on the Property, including the buildings, structures, fixtures, and improvements, exists to secure the indebtedness of Tyson to Gray in the sum of $3,454,445.83, which is the amount of the unpaid services, labor, and/or materials furnished to the Project.

**ANSWER:** IDB denies the allegations contained in Paragraph 51.

52. Gray is entitled to enforcement of the lien and, therefore, seeks the issuance of a Writ of Attachment on the Property and any leasehold interest.

**ANSWER:** IDB denies the allegations contained in Paragraph 52.

## COUNT IV – UNJUST ENRICHMENT

53. Gray adopts, incorporates, and reasserts the averments of the preceding paragraphs as fully set forth herein.

**ANSWER:** IDB incorporates by reference its responses to the allegations in the Complaint as if they were set forth verbatim herein.

54. To the extent Gray performed additional work on the Project outside the base scope of work under the Contract, such work was necessary and properly authorized.

**ANSWER:** With respect to Paragraph 54 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 54 and therefore, denies same.

55. In furtherance of such work, Gray incurred substantial costs, including equipment costs, material costs, and labor.

**ANSWER:** With respect to Paragraph 55 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 55 and therefore, denies same.

56. Tyson was notified of and appreciated the benefit of the additional work and was aware of the expenses Gray incurred. As a result, Gray had a reasonable expectation that it would be paid for its work.

**ANSWER:** With respect to Paragraph 56 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 56 and therefore, denies same.

57. Tyson accepted the final work, and Tyson ultimately benefitted from Gray's additional work on the Project.

**ANSWER:** With respect to Paragraph 57 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 57 and therefore, denies same.

58. Tyson never paid Gray in full for its additional, necessary work on the Project.

**ANSWER:** With respect to Paragraph 58 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 58 and therefore, denies same.

59. Tyson was unjustly enriched by Gray's work, and it would inequitable for Tyson to retain the benefit of the work without paying for the same.

**ANSWER:** With respect to Paragraph 59 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 59 and therefore, denies same.

60. Accordingly, Tyson is liable to Gray for the value of such benefit under the theory of unjust enrichment.

**ANSWER:** With respect to Paragraph 60 of the Complaint, IDB lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 60 and therefore, denies same.

61. In response to the Paragraph beginning with the word "WHEREFORE," IDB denies any allegation contained therein, and specifically denies that Plaintiff is entitled to damages of any kind.

62. IDB hereby denies any allegation or part thereof that has not otherwise been specifically admitted or denied.

## AFFIRMATIVE DEFENSES

Having now answered each paragraph of the Complaint, IDB sets forth the following defenses and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted, and therefore, should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law because, at all times, Defendant either was not a party to and/or had no contractual obligations to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant invokes the doctrine of collateral and equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law because Plaintiff has not suffered any damage from the matters described in the Complaint, and therefore, the claims asserted and damages sought are speculative, indefinite and not ripe for adjudication.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery for damages, injuries, and/or losses alleged in the Complaint as such damages are impermissibly remote and speculative.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages, if any, were legally caused in whole or in part by intervening and superseding causes or circumstances.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to rely all on provisions of the contract(s) between Defendant Tyson Farms and Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages, if any, were caused in whole or part by its own negligence and/or unlawful conduct, and accordingly, Plaintiff is barred, in whole or in part, from recovery.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not reasonably foreseeable.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant has not breached any duty or obligation owed to Plaintiff or engaged in any unlawful conduct relating to Plaintiff under federal law, the common law and/or the statutes of the State of Tennessee or in contract, tort or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or by the equitable doctrines of laches, waiver, and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, release, and/or accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendant engaged in any of the conduct alleged in the Complaint, the conduct was reasonable, justified, privileged and/or in pursuit of lawful and legitimate business concerns.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any amount of liability that Plaintiff may obtain against Defendant based upon the amounts by which Defendant paid to any other defendant in this matter.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law, in whole or in part, based on its failure to avail itself, and resulting waiver, with respect to any applicable mandatory alternative dispute resolution process.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely on such other affirmative defenses as may become available or apparent during the course of discovery and reserve the right to amend their answer to assert any such defense.

**WHEREFORE,** Defendant Industrial Development Board of Gibson County Tennessee denies the allegations in Plaintiff's Complaint and Prayer for Relief, and requests that its own Answer to the Complaint be deemed good and sufficient and, after due proceeding, that:

1. Plaintiff takes nothing by reason of the Complaint;
2. Plaintiff's Complaint be dismissed with prejudice and at Plaintiff's cost;
3. Defendant be granted their cost and expenses herein; and
4. The Court award such other relief as the Court deems just and proper.

Respectfully submitted,

**ADAMS AND REESE LLP**

*s/Clarence A. Wilbon*
Clarence A. Wilbon (BPR #23378)
Rocklan W. King, III (BPR #030643)
6075 Poplar Ave., Suite 700
Memphis, TN 38119
(901) 525-3234 (phone)
(901) 524-5381 (fax)
Clarence.Wilbon@arlaw.com
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 7th, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                            *s/Clarence A. Wilbon*
                                            Clarence A. Wilbon